In re TOD. (No. 2.)

In re KENNEDY'S ESTATE.

(Surrogate's Court, New York County.   July 3, 1914.)

TRUSTS (§ 308*)—ACCOUNTING—CHARGES—PROPERTY IMPROPERLY DELIVERED TO LIFE TENANT.

> Where testamentary trustees acted in good faith and under the mistaken advice of counsel in delivering extraordinary stock dividends to the life tenant, who received them in good faith, no penalties or inequitable burdens should be imposed on any of the parties, and justice would be done by placing all parties in the position which they would have occupied had the trustees made a proper distribution of the dividends; and the trustees having sold the stock retained by them in the trust fund as authorized by the will, they would be surcharged with the value of the stock delivered to the life tenant as of the time the other stock was sold, though it subsequently increased in value.
>
> [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 428; Dec. Dig. § 308.*]

Proceeding for an accounting by trustees under the will of John S. Kennedy, deceased.   Decree in accordance with the opinion.

Henry W. De Forest, of New York City, for trustees.

Cadwalader, Wickersham & Taft, of New York City, for Metropolitan Museum of Art and Presbyterian Hospital in City of New York.

Nash & Jones, of New York City, for trustees of Columbia University in City of New York.

Augustus Haviland, of New York City, for New York Public Library, Astor, Lenox, and Tilden Foundations.

Olin, Clark, & Phelps, of New York City (Stephen H. Olin, of New York City, of counsel), for David A. Tod and others.

King & Osborn, of New York City, for William Becker.

A. Perry Osborn, of New York City, special guardian.

FOWLER, S.   The supplementary statement of facts submitted since my decision upon the question of the apportionment of extraordinary dividends between the life tenants and the remaindermen shows that, of the $147^{297699}/_{983383}$ shares of stock of the Standard Oil Company of Indiana received by the trustees on account of that part of the residuary estate held for the benefit of William S. Tod, $115^{789743}/_{983383}$ shares should have been apportioned by the trustees to the corpus of the trust fund.   The shares were, however, transferred by the trustees to the life tenant at their market value on the 17th of December, 1912.   The question now presented for consideration is whether the trustees should be charged with these specific shares of stock and the life tenant compelled to transfer them to the trust fund for the benefit of the remaindermen, or whether the trustees should be surcharged with the market value of these shares of stock on the day that they were transferred to the life tenant.

The courts have held that, when trustees dispose of trust property under such circumstances as to charge the person to whom the prop-

erty is sold with constructive knowledge that the transaction is in violation of the provisions of the instrument creating the trust, or in violation of the duties prescribed by law for a trustee, the property may be reclaimed and recovered by the trustees. Ludington v. Mercantile National Bank, 102 App. Div. 251, 92 N. Y. Supp. 454, affirmed 182 N. Y. 522, 74 N. E. 1119; First National Bank v. National Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139. The matter before me does not, however, involve any conscious or deliberate violation of duty on the part of trustees. In transferring to the life tenant the shares of stock received because of the extraordinary dividend declared on stock constituting part of the trust fund, the trustees acted under the advice of counsel of recognized eminence and ability. The opinion of such counsel, as well as the decisions of the courts of this state, show that the correct method of apportionment of extraordinary dividends between life tenants and remaindermen was, at the time of the declaration of the extraordinary dividend on the shares of the Standard Oil Company of Indiana held by the trustees, involved in some doubt. We must notice that a state of facts had arisen through unforeseen governmental action, in principle like a revolution or a cataclysm, which entirely changed conditions contemplated by the testator. His will had been framed under conditions totally different from those confronting his executors. It cannot be said, therefore, that the circumstances under which the shares of stock were transferred by the trustees to the life tenants were such as to put them upon inquiry as to the right of the trustees to make such distribution. Even if they had made such inquiry, they would perhaps have been advised by good counsel that the trustees had the right to make the proposed distribution.

There is no question of fraud or bad faith on the part of the trustees. They merely made distribution of the shares of stock received by them as a result of the declaration of the extraordinary dividend, in accordance with the construction which their counsel had placed upon the decisions of the courts of this state. That that construction was wrong in the light of a decision rendered by the highest court of this state does not reflect upon the good faith of the trustees, nor can it be construed as a circumstance which would induce on the part of the life tenants that circumspection which the law requires of those dealing with trustees. This obvious good faith on the part of the trustees and life tenants merits consideration from the court in the disposition of the question before it. Neither of the parties has been guilty of such conduct as would justify the imposition of penalties or inequitable burdens. It would seem to me that justice would be done to all the parties if they should now be placed in the position with relation to the extraordinary dividend which they would have occupied had the trustees made distribution in accordance with the decision heretofore rendered by me. That this is the correct principle upon which to adjust differences between trustees and remaindermen has been intimated by the Court of Appeals in a recent decision. Matter of Anderson, 211 N. Y. 136, 105 N. E. 79.

The trustees should have placed in the trust fund the 115-$^{789748}/_{983888}$ shares which the agreed statement of facts shows was the number to which the trust fund was entitled out of the entire distribution made to the share of the residuary estate set apart for the benefit of William S. Tod. But the trustees were not obliged to retain the shares of stock as an investment. On the contrary, they felt it their duty as trustees to dispose of the shares held by them before the declaration of the extraordinary dividend, and they did sell such shares on December 17, 1912. These shares were not of the class in which trustees are authorized to make investments. The testator did not direct that his investments in the Standard Oil Company stock should be retained by his trustees. Therefore the trustees had the right to dispose of the shares received by them on account of the extraordinary dividend, and in the exercise of that diligence and care which the law requires of trustees they would probably have disposed of them as they disposed of the other shares of stock of the Standard Oil Company of Indiana. If they had disposed of them at the market price of $322 a share on the 17th of December, 1912, the date when a distribution of the extraordinary dividend was made, they would have received the sum of $37,288.59. That would have been added to the trust fund for the benefit of the remaindermen. If the trustees are now surcharged with that sum, the remaindermen will be in exactly the same position with relation to this extraordinary dividend that they would have occupied had the trustees performed their duty in the apportionment and distribution of the extraordinary dividend.

That such a disposition of the matter will enable the life tenants to profit by the mistake of the trustees is immaterial, as the remaindermen will not suffer any loss. They will receive the value of the shares of stock as of the date when the apportionment was made; and as the trustees had the right to sell the stock, the remaindermen are not entitled to any more. If the stock had decreased in value since the date upon which it was transferred to the life tenants, instead of increasing, it is improbable that the remaindermen would ask that the trustees would be surcharged with the particular shares of stock transferred to the life tenants. If the shares had decreased in value, the trustees would be surcharged with the loss; the remaindermen would not be permitted to suffer. Neither can the remaindermen acquire any profit because it happens that the stock has increased in value.

I will therefore hold that the trustees should be surcharged with $37,288.59 on account of the shares of stock allotted to that part of trust fund held in trust for the life of William S. Tod because of the extraordinary dividend declared by the Standard Oil Company of Indiana, and that they be surcharged with the sum of $87.49 on account of the shares of stock allotted because of the extraordinary dividend declared by the Standard Oil Company of Nebraska. Upon the agreed statement of facts, the amount with which the trustees may be surcharged on account of the distribution made to the other life tenants may be calculated by the accountants in accordance with this decision and inserted in the decree to be settled.

Settle decree and tax costs on notice.